1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RONALD BROWNELL MARTIN,

        Plaintiff,

      v.

WASHINGTON STATE DEPARTMENT
OF CORRECTIONS - EDUCATION, *et al.*,

        Defendants.

Case No. C18-741-RSL-JPD

REPORT AND RECOMMENDATION

       Plaintiff Ronald Brownell Martin is currently confined at the Washington State Penitentiary in Walla Walla, Washington.  Plaintiff, who is proceeding *pro se*, has submitted an application to proceed *in forma pauperis* ("IFP") and a proposed civil rights complaint pursuant to 42 U.S.C. § 1983.  Dkt. 4; Dkt. 4-1.  Plaintiff alleges in his proposed complaint that the defendants in this case have denied him access to college classes he would like to take during his period of incarceration.  Dkt. 4-1 at 3.  Specifically, he asserts that he has "enough time to earn my associate of business degree and I want to participate in the course."  *Id.*  Plaintiff asserts that defendant Lonnie Roberts, Correctional Program Manager, has determined that plaintiff is not permitted to take classes or have a job where females are present due to the

REPORT AND RECOMMENDATION
PAGE - 1

1   nature of his felony conviction.  *Id.*  After plaintiff "took it upon myself to enroll in the

2   Associate of Business program" anyway, plaintiff was advised by his unit sergeant that an "e-

3   mail came from the Education Department stating that I was not to return to the education

4   building, and [to] return my books." *Id.*  Plaintiff asserts that although he has had no

5   infractions for ten months, he has still not been granted access to the education classes he

6   wishes to take.  *Id.*  He seeks at least $150,000 in damages from defendants for "mental

7   anguish, isolation from programs while other inmates are allowed to participate in education

8   programs with far [more] serious offenses and felony convictions." *Id.* at 4.

9

10          In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show (1) that

11  he suffered a violation of rights protected by the Constitution or created by federal statute, and

12  (2) that the violation was proximately caused by a person acting under color of state or federal

13  law.  *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).  To satisfy the second

14  prong, a plaintiff must allege facts showing how individually named defendants caused, or

15  personally participated in causing, the harm alleged in the complaint.  *See Arnold v. IBM*, 637

16  F.2d 1350, 1355 (9th Cir. 1981).  A defendant cannot be held liable solely on the basis of

17  supervisory responsibility or position. *Monell v. Department of Social Services of City of New*

18  *York*, 436 U.S. 658, 691-694 (1978). Rather, a plaintiff must allege that a defendant's own

19  conduct violated the plaintiff's civil rights.  *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385-

20  90 (1989).

21

22          On June 13, 2018, the Court ordered plaintiff to show cause why this case should not be

23  dismissed for failure to state a claim upon which relief can be granted.  Dkt. 5.  The Court

24  noted that to present a claim under § 1983, plaintiff must allege that he suffered a violation of

25  rights protected by the Constitution or created by federal statute.  Plaintiff does not allege that

26

REPORT AND RECOMMENDATION
PAGE - 2

the denial of access to education classes at his facility violated any specific right afforded by the Constitution or a federal statute. Indeed, even if the Court were to grant plaintiff leave to amend his complaint to plead additional facts, such amendment would likely be futile because the nature of his claim does not implicate federal constitutional concerns.

Although plaintiff timely responded to the Court's Order to Show Cause on June 21, 2018, he was unable to cure the deficiencies in his proposed complaint. Plaintiff repeats his original request for access to educational opportunities that he believes are being granted freely to other inmates, and also asks the Court to "appoint learned council (sic) so that Mr. Martin may go forth with correct legal guidance." Dkt. 6 at 2.

Plaintiff's request for appointment of counsel is denied. No constitutional right to counsel exists for an indigent plaintiff in a civil case unless the plaintiff may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981). However, pursuant to 28 U.S.C. § 1915(e)(1), this Court has the discretion to appoint counsel for indigent litigants proceeding *in forma pauperis. United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995). The Court may appoint counsel only on a showing of "exceptional circumstances." *Id.*; *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn*, 789 F.2d at 1331. These factors must be viewed together before reaching a decision on a request for counsel under § 1915(e)(1). *Id.*

Here, the Court finds that plaintiff has failed to demonstrate that exceptional circumstances warrant the appointment of counsel. To date, plaintiff has been able to articulate

REPORT AND RECOMMENDATION
PAGE - 3

the legal and factual bases of his claims quite adequately.  In addition, as discussed above plaintiff has offered no evidence suggesting this case is likely to succeed on the merits.  The Court finds that appointing pro bono counsel to assist plaintiff in amending his proposed complaint would be futile, as the nature of plaintiff's claim does not implicate federal constitutional concerns.  Dkt. 5.

Accordingly, the Court DENIES plaintiff's request for appointment of counsel, and further recommends that this proposed § 1983 action be DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted, and that plaintiff's IFP motion, Dkt. 4, be DENIED as MOOT.

A proposed order accompanies this Report and Recommendation.  The Clerk is directed to send copies of this Order to plaintiff and to the Honorable James P. Donohue.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **July 30, 2018**.  Failure to file objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's motion calendar for the third Friday after they are filed.  Responses to objections may be filed within **fourteen (14)** days after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **August 3, 2018.**

This Report and Recommendation is not an appealable order.  Thus, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the

//

//

//

REPORT AND RECOMMENDATION
PAGE - 4

assigned District Judge acts on this Report and Recommendation.

DATED this 9th day of July, 2018.

_James P. Donohue_

JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 5